Mr. Frederick N. Scott, Sponsor Little Red Hen Committee Post Office Box 13584 Maumelle, Arkansas 72113
Dear Mr. Scott:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2007), of the popular name and ballot title for a proposed constitutional amendment. You have previously submitted similar measures, which this office rejected due to ambiguities in the text of your proposed amendments. See
Ops. Att'y Gen. Nos. 2008-035, 2008-018, 2007-327, 2007-287 and 2006-118. You have made fundamental changes in the text of your proposal since your last submission and have now submitted the following proposed popular name and ballot title for my certification:
 Popular Name LOCAL TERM LIMITS AMENDMENT Ballot Title AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF ARKANSAS RESTRICTING THE RIGHT OF ANY PERSON TO SEEK ELECTION TO AN ELECTIVE OFFICE BEYOND THE LIMITS ESTABLISHED BY THIS AMENDMENT. THOSE LIMITS ARE: TWO TERMS FOR OFFICES THAT HAVE TERM LENGTHS OF THREE OR MORE YEARS; THREE TERMS FOR OFFICES THAT HAVE TERM LENGTHS OF TWO OR FEWER YEARS; AND A CAP OF EIGHT YEARS, IN THE CASE OF *Page 2 
TERM LENGTHS GREATER THAN FOUR YEARS. OFFICES SPECIFICALLY LIMITED BY AMENDMENT 73 TO THE ARKANSAS CONSTITUTION ARE EXCLUDED. IN GENERAL TERMS, THIS AMENDMENT ESTABLISHES TERM LIMITS ON THOSE ELECTIVE OFFICES THAT WERE NOT COVERED BY AMENDMENT 73; I.E., THE CONSTITUTIONAL OFFICES. IT DOES NOT AFFECT FEDERAL OFFICES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certificationnor rejection of a popular name and ballot title reflects my view ofthe merits of the proposal. This Office has been given no authorityto consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law."Kurrus v. Priest, 342 Ark. 434, 29 S.W.3d 669 (2000);Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119 (1996); andPlugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensurethat the popular name and ballot title honestly, intelligibly, andfairly set forth the purpose of the proposed amendment or act. SeeArkansas Women's Political Caucus v. Riviere,283 Ark. 463, 466, 677 S.W.2d 846 (1984). *Page 3 
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v.Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall,229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere,270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen,318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v.McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald,192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring.Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law.Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial.Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. A number of additions or changes to your popular name and ballot title are, in my view, necessary in order to more fully and correctly *Page 4 
summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
 1. Each of your previous proposals, cited above, had the popular name "Local Term Limits Amendment." Each excluded, by one method or another, judicial offices. Your current proposal, while having the same popular name, does not exclude judicial offices. Justices of the Supreme Court of Arkansas are elected on a statewide basis. See
Ark. Const. amend. 80, § 2(A). Because a voter likely would not anticipate that the terms of the Justices would be limited by an enactment entitled "Local Term Limits Amendment," the proposed popular name is misleading.
 Ordinarily, and in the absence of other ambiguities, I might substitute a more descriptive popular name to remedy this ambiguity. Given the consistent limitation of the subject matter of your prior proposals, however, there is doubt whether your proposed amendment is actually intended to apply to judicial offices, including those filled by statewide election. Owing to that doubt and the existence of other ambiguities in the text of your proposed amendment, I am unable to substitute a popular name.
 2. Your proposed amendment provides in section 3 that a person may not seek election to an office if he or she "has previously served in that same office for eight or more years." It also provides in section 4 that terms of office served prior to the enactment of your proposed amendment "shall be counted as one term of previous service."
 Consider a person who has served in a local office for, say, ten two-year terms prior to the enactment of your proposed amendment. It is unclear whether your proposed amendment is intended to prohibit the *Page 5 
person from thereafter seeking reelection to the same office. The person may be deemed under section 4 to have served only one prior term and thus be eligible to run again. Alternatively, because the person has served in the same office for more than eight years, he or she may be deemed under section 3 to be ineligible to run again.
 In addition in this regard, the ballot title states that your proposed amendment establishes "a cap of eight years, in the case of term lengths greater than four years." This language of the ballot title apparently refers to section 3, which is the only part of your proposed amendment that mentions an eight-year time period. Nothing in section 3, however, indicates that it is limited in its application to offices having term lengths greater than four years. This inconsistency between the ballot title and the body of your proposed amendment adds uncertainty with respect to the ambiguity noted above.
 3. Section 5 of your proposed amendment provides that "[s]ervice for more than half a term shall be counted as a full term of office. . . ." As noted above, section 4 of your proposed amendment provides that "[t]erms served in office prior to the enactment of this constitutional provision shall be counted as one term of previous service."
 Consider a circuit judge who, at the time of the enactment of your proposed amendment, has completed two years of a (first) six-year term. See Ark. Const. amend. 80, § 16(B). It is unclear whether your proposed amendment is intended to prohibit the judge from seeking reelection to the same office. If, as the ballot title indicates, section 3 of your proposed amendment is intended to impose an eight-year cap on service in offices having terms of more than four years, then its intent with respect to an office having a term of six years may be to limit a person's service to one term. If so, the question becomes whether the judge's service prior to the enactment of your proposed amendment is counted as one term of previous service under section 4, or is not counted as a term because, under section 5, it was less than half completed at the time of the enactment of your proposed amendment. It is also unclear whether the same result would occur *Page 6 
with respect to a judge who had completed four years (i.e., more than half) of a (first) six-year term at the time of the enactment of your proposed amendment.
 4. As noted above, the ballot title states that your proposed amendment imposes "a cap of eight years, in the case of term lengths greater than four years." Section 3 of your proposed amendment makes no reference to the term length of any office but states that a person may not seek election to an office if he or she "has previously served in that same office for eight or more years." Section 1 of your proposed amendment allows two terms when the length of the term of office is "three or more years."
 The interaction of these three provisions creates an ambiguity concerning the intent of your proposed amendment with respect to the number of terms and/or the length of time a person may hold an office that has a term of more than four years. Section 1 indicates that two terms are allowed. Section 3, read in isolation, might give the same result by implicitly recognizing that two terms may total more than eight years, but the language of the ballot title suggests that your proposed amendment would impose an eight-year limit apart from the two-term limit. It is unclear, therefore, whether your proposed amendment is intended to allow at least two terms, regardless of the length of the office's term; interrupt a term of office at the eight-year mark; or prohibit the commencement of any term of office that would cause the office holder to exceed eight years in office at any time during the term.
 5. Section 1 of your proposed amendment prohibits a person from "seek[ing] election . . . if that person has previously served in that same office for two terms. . . ." The prohibition is on the act of seeking election, not on the act of taking or holding office. The prohibition applies to a person who "has previously served . . . two terms. . . ." (Emphasis added.) On its face, then, Section 1 would not prohibit a person who is in the last few months of his or her second term from seeking election to a third term. Such a person, at the time of seeking *Page 7 
election, would not have previously served (i.e., completed) two terms. Neither would Section 1 prohibit the same person from taking office for a third term. At the time of taking office, the person would have previously served two terms, but he or she would not then be seeking election. The ballot title makes clear, however, that this is not the result anticipated or intended.
 Other sections of your proposed amendment, also stating the prohibition in terms of seeking office, are susceptible to similar interpretations.
 It is true, as noted above, that section 5 of your proposed amendment provides that service for more than half a term is counted as a full term. Application of section 5 to a person holding an office having a term of three or more years would make the person ineligible to seek election beginning halfway through his or her second term. While this interpretation and application of section 5 to the general term limits of sections 1, 2, and 3 may have been intended, it is, in my opinion, unduly complicated and ambiguous.
 6. The ballot title, in describing offices to which your proposed amendment would not apply, appears to equate "offices that were . . . covered by Amendment 73" and "the Constitutional Offices." Numerous provisions of the Constitution of Arkansas establish and/or refer to offices that would be subject to your proposed amendment. See, e.g., Ark. Const. art. 7, § 47 (constables); amend. 55 (county officers); amend. 80 (judicial officers). As a result, it is my view that use of the phrase "the Constitutional Offices" to describe the offices that would not be subject to your proposed amendment may be misleading.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I *Page 8 
am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law.See, e.g., Finn v. McCuen,303 Ark. 418, 793 S.W.2d 34 (1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure."Roberts v. Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed popular name and ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure, popular name and ballot title. See A.C.A. § 7-9-107(c). You may, after clarification of the matters discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted popular name and ballot title may be necessary. I will perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN McDANIEL Attorney General DM/cyh
 *Page 1